RECEIVED

JUL 15 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KNOX #B61090

Plaintiff Prose

_Vs_

J. Johnson(CTO); GREER(CTO); Lt. Clark;

DR. Kul Sood; DR. LEKHA PRASAD; DR. Bautista;

DR. Osmundson; DR. John Joe; WHALLEY(RN);

Angela Resuali(RN); BEAR(RN); dodson(RN);

And WexFord Health sources, Inc, et.al.

Defendants

1:20-cv-04225
Judge Charles R. Norgle, Sr.
Magistrate Judge Jeffrey Cummings
PC1

## COMPLAINT

NOW comes THE Plaintiff, CHRISTOPHER, KNOX, Pros And
As An Layman Humbly submit his complaint, STATES As Follows :

## NATURE OF THE CASE

THis is A civil Rights complaint Filed PURSUANT TO 42 U.S.C § 1983,
seeking Judicial review; And Redress of violations of the Plaintiffs'
clearly Establish Constitutional Rights. Specifically; the
Plaintiff complaines that Defendants Acted with deliberate
Indifference to Plaintiff serious medical needs IN
violation of the "EIGHTH" Amendment to the united states
Constitution. And that defendant DR. Sood, Perform An suriGical
Procedure on Plaintiff without his Concent And A Gainst his will And
In which constitutes A STATE TORT claim FOR Battery .. ✖

1

## PARTIES

1. PlaintiFF, CHRistopher knoX, Is CURRENTLy IncARcerated at JolieT TreatmenT center. MR. knoX, has A longG History of severe mental illness which causes him to selF — MutiLate ...*

2. ᴀᴇFendᴀnᴛs ᶜᵀᴼ J. Johnson, ᶜᵀᴼ GReeR; Are EmPLoyees of the Illinois ᴀePartment oF CoRRections < I A O C > And Are EmPLoyed As CoRRectional TReatment oFFicer's < C T O > At JolieT TReatment center, And Are Both BeinG sued in their Individual And oFFicial caPacity ...

3. ᴀeFendᴀnᴛ ᶜᵀᴼˢ Lt. cLᴀRk, Is An EmpLoyee of the IllinOis ᴀePᴀRtment oF CoRRections < I A O C > And Is EmPLoyed As CoRRectional TReatment oFFiceR suPervisoR LieutᴀnT, At JolieT TReatment CenteR, And Is BeinG sued In Both his Individual And oFFicial caPacity ..

4. ᴀeFendᴀnᴛs ᴅRs. osMundson, BᴀutistA, Are Both ▪ EmPLoyees oF WexFoRd Health souRces Inc; And Are EmPLoyed licensed PHysician's, At JolieT TReatment centeR AT JolieT TReatment center < J T C >, And Are Both BeinG sued In their Individual And oFFicial caPacity. And is resPonsible FoR ProvidinG medical caRe at < J T C > ..

5. Defendant DR. Kul Sood, is the former medical Director of Joliet Treatment Center. ( JTC ). He oversees the Health care unit at JTC, and is Responsible for providing medical and mental Health services to the Residents Housed there. He is sued in Both his Individual and official capacity.

6. Defendants DR. LEKHA PRASAD, ~~DR. John Doe~~, is the medical Director of Joliet Treatment Center. She is Responsible for providing medical and mental Health services. She is sued in Both her individual and official capacity. Defendant, DR. John Doe, is the medical Director for IDOC, and is Responsible for providing medical and mental Health treatment to All Residents in IDOC and is sued in his Individual and official capacity.

7. Defendants RN Dodson; RN Resuali; RN BeAR; RN W Halley, Are All Registered nurses At Joliet Treatment Center Responsible for providing medical treatment. And Are All sued in their individual and official capacity.

8. Defendant WexFord Health sources, Inc, is a Corporation that Contracts with IDOC to provide medical treatment and Including Psychiatric Care to Residents At Joliet Treatment Center.

3

## Jurisdiction And Venue

9. This court has Jurisdiction Pursuant 28 u.s.c. § 1331 and 1343 (A) (3) and (4).
Jurisdiction is Further invoked over Plaintiff supplemental Jurisdiction state Tort claim Pursuant to 28 u.s.c. § 1367.

10. Venue is Proper In the northern District of Illinois under 28 u.s.c. § 1391 (B). Because At least one of the defendants Resides in this District And All Parts of the events And omissions Giving Rise to Plaintiff claims occured In the District.

## Exhaustion of Remedy

11. on September 28, 2019, Plaintiff Filed An Emergency Grievance Pertaining to the Facts Being Alleged in the complaint; Directly to the chief Administrative officer, And in Accordance With 20 Ill. ADM. code. § 504.840. See (EX. A). Affidavit of; MR. KnoX..

12. on october 9, 2019, Plaintiff Filed Another Emergency Grievance Pertaining to the Facts Being Alleged; Directly to the chief Administrative officer And in Accordance with 20 Ill. ADM. code. § 504.840......... * see (EX. A). Affidavit of; MR. KnoX..

4

13. THE CHIEF Administrative OFFICER, At JolieT TreatmenT center < JTC >, has ReFused And Failed to RespOnd to Any of PlaintiFFs' EmerGency Grievances PertaininG to the FActs BeinG AlleGed In this complaint...* See < EX. A > AFFidavit of, MR. KnoX.

14. In Any EvenT DefendanTs Asserts AFFIRMATIVE DEFense of Failure to Exhaust AdministrAtive Remedies PertaininG to the FActs BeinG AlleGed In this said complaint; PlaintiFF Filed two - sePerate GRievance's on two - sePerate occausions, With the < CAO > And In Accordance With 20 Ill. ADM. code § 504.840. THE < CAO > has Refused and Failed to RespOnd to EmerGency Grievance's, THus, makinG the Grievance Procedure unavailable to the PlaintiFF...* < sAtisFies the Exhaustion ReQuiremenTs under the PLRA >.

<u>AlleGatrons oF FacTs</u>

A. DeFendanTs <sup>CTO</sup> J. Johnson; <sup>CTO</sup> GREER; Lt. clARK; DRs. Saod, PRASAd, OsMundson, BAutista, John Doe; <sup>RIn</sup> Dodson, <sup>RIn</sup> BeAR; <sup>RIn</sup> Resuali, <sup>RIn</sup> WHAlley; And WEXFord HealtH sources, Inc, Have All DENIED PlaintiFF MedICAl TReATMENT; In VIolation of the EIGHtH AmendmenT To the united states Constitution.

15. Plaintiff Alleges that; He is in IMMIENT DANGER of serious PHYSICAL INJURY; Which if not Treated May Result in PERMANENT Disability In Growing Area or Death If not Treated; Which is Further EXPlained in Much Better Details Below...*

16. Plaintiff is severeely mentally ill And has A long History of suicide Attempts And self-mutilation...*

17. Plaintiff Alleges that; on september 28, 2019, Plaintiff WERE Feeling Depressed And WERE having suicidal And self-Harm thoughts...*

18. Plaintiff Allege that; on the Date In Question, he REQuested to Defendants CTO J. Johnson, CTO GREER, And Lt. CLARK; To Contact Mental Health staff; Because I Were having suicidal And self-Harm thoughts And that I needed my PRn and needed to Be Placed on suicide Watches...*

19. Plaintiff Allege that; Defendants CTO J. Johnson, CTO GReeR; Both told Plaintiff to Go to his cell And Just kill yourself Just Get it over; Defendant Lt. clark, Was — standing Right THERE When this Was said And he said nothing; In Fact, Because of my mental state At that he had ORDER Plaintiff to Go to his cell; which Plaintiff complied...*

6

20. Plaintiff Allege that; PRIOR TO Entering my cell I told defendants CTO J. Johnson, CTO GREER; And Lt. elark, if you make me Go into this cell, I Am GoinG to mutilate myself; defendants Response to this was do what you Got to do MR. Knox, And Plaintiff then Entered his cell.

21. Plaintiff Allege THAt; After he WERE Placed into his cell; HE immediately hAd mutilated hisself, By inserting An SEG Ink Pen Into his urethA, And As An Result Plaintiff sustained the followinG InJury:

⟨1⟩. swelliness In Bladder And GrowinG area; ⟨2⟩. difficulties urinatinG; ⟨3⟩. urinatinG Blood; ⟨4⟩. BlockAGe in the uRinal channel; ⟨5⟩. severe Pain and sufferinG; And ⟨6⟩. ForeiGn-Body still stuck In urethA...*

22. Plaintiff Allege that; After he had self-mutilated Hisself; HE REQuested medical treatment; To defendants CTO J. Johnson; CTO GReer; And Lt. Clark; their Response to Plaintiff WAs you shouldn't stuck it in their And wAlked off...*

23. Plaintiff Allege that; HE REPeatedly REQuested For Medical Treatment To defendant CTO GReer; who wAs my AssiGned WinG-officer; EAch time she made her Rounds on the WinG And each time she IGnored me...*

7

24. Plaintiff Allege that; Defendants CTO J. Johnson and CTO Greer; were doing count at 9:30 P.M., Again Plaintiff Repeatedly Requested For medical treatment For the injury sustained From self-mutilating hisself; they Both Deliberately Ignored Plaintiff and left him in his cell injuryed...*

25. Plaintiff Allege that; on September 29, 2019; I Requested medical treatment To Defendant Rln Bear; And Plaintiff told Defendant; that Plaintiff had self-mutilated hisself the night Before; and sustained several Injuries As an result; and that I needed to see a Doctor...*

26. Plaintiff Allege that; on the date In Question the Defendant Rln Bear, told Plaintiff he aint seeing the Doctor; Plaintiff ask defendant Are you denying me to see Doctor? knowing the Injuries sustained — Required the Attention of a Doctor, he said yes..

27. Plaintiff Allege that; he told Defendant Rln Bear that I'm Difficulties urinating, swollen-Bladder and Growing Alone with other Injuries; Defendant Rln Bear, told Plaintiff; let's see if it passes whenever you urinate; But Right now Aint much he could do For me And iF I Continue to have Problems Put in another sick Request...*

8

28. Plaintiff Allege that; In october of 2019, Defendant Dr. sood; Performed surgical procedure on Plaintiff Without His Concent And Against His Will; Pushing the Foreign-Body Further Back into Plaintiff urethra.

29. Plaintiff Allege that; In november of 2019, Defendant Dr. sood; Performed another surgical procedure on the Plaintiff, Again without Plaintiff concent And Against his Will causing more Injury to Plaintiff urethra.

30. Plaintiff Alleges that; on Both occassions Defendant Dr. sood; used During this surgical procedure which Plaintiff later on found out WERE FORCEPS...*

31. Plaintiff Allege that; on october of 2019, Plaintiff Requested medical treatment From Defendant Drs. osmundson And Baustia; For the above injuries And Also Requested the Removal of the Foreign-Body From my urethra...

32. Plaintiff Allege that; Defendant Drs. osmundson, Baustia, Both told Plaintiff that it will Pass through whenever you urinate...*

33. Plaintiff Allege that; Defendants Drs. osmundson, Baustia, Both Denied Plaintiff medical Treatment For the Injuries sustained From self-mutilation...*

34. Plaintiff Allege that; he Repeatedly Requested For medical treatment to Defendants DRS. osmundson and Baustia, who Both Repeatedly denied Plaintiff medical treatment and deliberately iGnored Plaintiff's Plea's For medical Treatment...*

35. Plaintiff Allege that; In November of 2019, I Requested medical treatment To Defendant R/n Bear, who told Plaintiff, it aint nothinG he could do About the ForeiGn-body beinG stuck in my uretha and that I will urinate it out...*

36. Plaintiff Allege that; Defendant R/n Bear, Refused to Put me in to see the Doctor, in order to have the ForeiGn-body RemoveD From my uretha...*

37. Plaintiff Allege that; Defendant R/n Bear, then deliberately iGnored my RePeated REQuest's For medical treatment For the above InJuries...*

38. Plaintiff Allege that; In December of 2019, Defendants R/n AnGela Resuali, R/n Dodson, denied Plaintiff medical Treatment For the above InJuries, Plaintiff REQuested medical treatment to Defendants, who Refused to Provide medical Treatment And/oR Services to Plaintiff; Defendant R/n Bear, who was Present also Refused to Provide Plaintiff medical treatment...*

39. Plaintiff Allege that; In December of 2019, Defendants, R.N's Dodson, Resuali, And Bear, All Refused to Provide me medical Treatment And to Put me in to see the Doctor to have the Foreign-Body Removal ...*

40. Plaintiff Allege that; Because he Repeatedly had Requested to see the Doctor, Defendant R.N Dodson, wrote a False disciplinary Report a Gainst Plaintiff, in order to Justify Denying Plaintiff medical care In December of 2019 ...*

41. Plaintiff Allege that; on January of 2020, I Requested medical Treatment And the Removal of an Ink Pen From my urethra To Defendant Dr. Prasad ...*

42. Plaintiff Allege that; Defendant Dr. Prasad, Refused to Provide a Physical Examination of Plaintiff to see Exactly if whether or not An Ink Pen is still in Fact stuck in Plaintiff urethA; And to see the injury sustained as an Result of self-mutilation ...*

43. Plaintiff Allege that; Defendant Dr. Prasad, to date Is still Refusing to Provide Plaintiff with Adequate And Proper medical treatment And/or services which Require the Removal of An Ink Pen From the Plaintiff urethA ...*

44. Plaintiff allege that; on April of 2020, defendant Dr. Prasad, again denied plaintiff medical treatment for the above injury; defendant Dr. Prasad, told the plaintiff she will not perform a physical examination on plaintiff because it requires her to touch plaintiff private part's and that it were against the rules.

45. Plaintiff allege that; he ask defendant Dr. Prasad, are you refusing to provide medical treatment and/or even try to remove the Ink Pen from my uretha? She stated yes...*

46. Plaintiff allege that; since September 28, 2019 to the present date repeatedly requested medical treatment defendants and all unknown defendants who has repeatedly refused and denied plaintiff medical treatment and/or services for the above injueres...*

47. Plaintiff allege that; defendants are refusing to send plaintiff to an outside urologist; who will then perform an cystoscopy to remove the Ink Pen from plaintiff urethx...*

48. Plaintiff allege that; defendant Dr. Prasad, told Plaintiff she is giving him the benefit of the doubt, and would try to send me out whenever covid-19, is over, Plaintiff told Dr. Prasad, covid-19 will never be over.

12

49. Plaintiff allege that; he told defendant Dr. Prasad, that you are using COVID-19, As An EXcuse; Because you have sent other Resides out to outside specilist's despite COVID-19 ...*

50. Plaintiff allege that; he also told defendant Dr. Prasad, that I was already complaining about the above medical issues PRIOR to COVID-19; outBreak; And Ask what was the Excuse then.

51. Plaintiff allege that; he told defendant — Dr. Prasad, that I Am in Constant Pain and suffering, And that the Pain medications is not working...*

52. Plaintiff allege that; nursing staff are now denying me the Right to see the Doctor, telling Plaintiff Aint nothing the doctor or we can do about it Right and that wexford has to Approve For you to see An outside urologist...*

    B.      Failure To Establish Policies and Protocols

53. while mentally ill Prisoners such As MR. KNOX, Are Treated By on-site medical Personnel such As DRS. Prasad, sood, John Doe, the Treatment Provided is determined by Protocols developed or Approved by DRS. Prasad, sood, Doe,

13

And Wexford Health Sources Inc...

54. upon Information and Belief, the Protocols developed by DRS. Prasad, Sood, John Doe, And Wexford Health Sources Inc. failed to Provide An effective mechanism for the diaGnosis And treatmenT of mentally ill Prisoners such as MR. Knox; who self-mutilate By InsertinG Foreign-Body in their uRetHa/Penis...*

55. upon Information and Belief, the Protocols developed By DRS. Prasad, Sood, John Doe, And Wexford Health Sources Inc. For the TreatmenT of mentally ill Prisoners, who Insert Foreign-Body into their uRetHa; the ~~Treatment~~ Protocols is designed to cause delay's, cost-saving money; And the unnecessary And unwanton InFliction of Pain and suFFering.

56. DRS. Prasad, Sood, John Doe, And Wexford Health Sources Inc. developed or Approved these Protocols with Actual knowledGe that PlaintiFF had An Ink Pen stuck in his uretha since September 28, 2019; And that the Foreign Body Is causinG PlaintiFF severe Pain and suFFering And is ExacerbatinG his Physical And mental Health Conditions...*

14

57. Plaintiff Allege that; defendant DR. Sood, Performed an surigical procedure on Plaintiff without his concent and against plaintiff will, in which constitute Battery;

   " A person commits battery if he intentionally
   or knowingly without legal justification and
   By any means : (1). Causes bodily harm to
   An Individual or (2). makes physical
   contact of an insulting or provoking
   nature with an individual ... "

58. Plaintiff Allege that; All known and unknown said defendants Repeatedly denied Plaintiff medical treatment for the above medical injury; and causing Plaintiff the unnecessary and unreasonable delay's In Receiving adquate medical treatment and/or services in the removal of the Foreign-body ...*

59. Plaintiff Allege that; All known and unknown defendants caused Plaintiff the unnecessary and unwanton Infliction of pain and suffering ...*

60. Plaintiff Alleges that; this is an ongoing and Continuous matter for which Plaintiff has no adequate Remedy at law ...*

15

61. For the Acts described Above All known and unknown defendants have Acted with deliberate Indifference to plaintiff serious medical needs In violation of the plaintiff clearly Establish statutory, Ill. Const u.s. Const. Rights under the "EIGHTH" Amendment; In which Constitutes CRUEl And unusual Punishment.

62. unless Enjoined From doing so, defendants will Continue to willfully violate plaintiff's clearly Establish Constitutional Rights, For which the Plaintiff have no Adequate Remedy At LAW, In which constitutes IRREPARABLE HARM....*

## Count I

### deliberate indifference to plaintiff serious medical need

plaintiff REAlleges Para Graphs < 1 - > As if fully stated herein.

63. All defendants And unknown defendants Acted with deliberate Indifference To plaintiff serious medical needs. In violation of the "EIGHTH" Amendment To the united states Constitution. In which —— Constitutes CRuel and unusual Punishment PResuant to 42 u.s.c. § 1983 ...*

16

CounT II

BAttery

PlaintiFF REAlleGes ParaGraphs < 1_ > As iF Fully stATed Herein.

64. Defendant DR. sood; committed A BATtery; when he PerFormed An suriGical Procedure on PlaintiFF withouT his Concent And AGainst his Will;

A Person commits BATtery iF he or sHe, IntentionAlly oR knowinG withouT Legal JustiFication And By Any means:
    < 1 >. causes BodiLy harm to An individual oR < 2 >. makes Physical Contact oF An insultinG oR ProvokinG nature with An Individual ... *

InJuncTive RelieF

PlaintiFF REAlleGes ParaGraphs < 1_ > As iF Fully stATed Herein.

65. Issue InJunctive RelieF ORderinG DefendanTs to stop the unnecessARy And unReasonAble delAys in PlaintiFF Receiving medical treatment For Foreign-Body Removal From PlaintiFF uRetHA, In which is causinG PlaintiFF severe Pain and suFFerinG ...*

17

66. unless Enjoined From doing so, deFendants will Continue to willFully violate plaintiFF's clearly established Constitutional Rights, For which plaintiFF have no Adequate Remedy at Law, which constitutes — IRRE PARAble HARM ...*

## RELIEF REQuested

WHEREFoRe, plaintiFF REQuests the court Grant the Following RelieF:

A. AWARd plaintiFF **COMPensatory** DamaGes, Jointly And seperately AGainst each named DeFendants In the Amount of $ 10,000,000. Ten – million Dollars.

B. AWARd plaintiFF **Punitive** DamaGes, Jointly And sEperately AGainst each named DeFendants In the Amount of $ 10,000,000. Ten – million Dollars.

C. AWARd plaintiFF **nOMIAl** DamaGes, Jointly And seperately AGainst each named DeFendants In the Amount of $ 5,000,000. Five – million Dollars.

D. AWARd plaintiFF Reasonable Attorney Fees As this court deems Just And APProPriate And Is pursuant to Attorney Fees Act of 1988 ...*

E. Award Plaintiff such other Reliefs' As this court Deems Just And Proper...*

Respectfully submitted

Is/ Christopher knox

Christopher knox #B61090
2848 W. McDonough
Joliet, Illinois 60436

subscribed And sworn to Before me on
this 2nd day of July 2020
Delia Ulloa Jimenez
Notary

DELIA ULLOA-JIMENEZ
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 04, 2024

EXHIBIT A

STATE OF ILLINOIS

COUNTY OF WILL

## AFFIDAVIT

I, CHRISTOPHER KNOX, being first duly sworn upon oath, depose and state the following matters, are true and correct and made upon personal knowledge and belief and if called as a witness I am competent to testify thereto:

1. I am an resident of the Illinois department of corrections ( IDOC ) and is currently housed at Joliet Treatment center ( JTC ) Joliet, illinois.

2. At all relevant times hereto, I was housed at Joliet Treatment center ( JTC ); and on september 28, 2019 and october 9, 2019, plaintiff filed two separate Grievance's pertaining to the facts being alleged; directly to the ( CAO ) and in accordance with 20 Ill. ADM. code. § 504. 840 ..

3. THE ( CAO ), has refused to respond to plaintiff emergency Grievance's pertaining to the facts being alleged; thus, preventing plaintiff from exhaustion his administrative remedy. Thus, making the Grievance procedure unavailable to plaintiff... *

4. I Further declares that; I have Read the complaint And the Allegations made therein Are True And to the Best of my knowledge and Belief; And I have Read this Affidavit And the statements made therein are True And correct And to the Best of my knowledge and Belief ... *

/s/ Christopher Krol
AFFiAnT

subscribed And sworn to Before me on this 2nd day of July 2020

Delia Ulloa Jimenez
NOTARY

```
DELIA ULLOA-JIMENEZ
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 04, 2024
```

2